IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 18-cv-01656-MSK-SKC

IRVING MINOTT,

    Plaintiff,

v.

WICHITA WATER CONDITIONING, INC. ,

    Defendant.

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court pursuant to Mr. Minott's Motion for Reconsideration **(# 57)** of the Court's February 7, 2020 Opinion and Order Granting In Part and Denying In Part Motion for Summary Judgment **(# 56)** ("the Opinion"), and the Defendant's ("WWC") response **(# 60)**. The Court assumes the reader's familiarity with the February 7, 2020 Opinion and will not summarize it.

Mr. Minott's motion raises two issues: (i) that the Court erred in granting summary judgment to WWC on Mr. Minott's Lanham Act claim because the evidence demonstrates that WWC's advertising substantially affected interstate commerce; and (ii) that the Court erred in concluding that WWC had acquired the right to use Mr. Minott's likeness as a trademark.

As to the question of whether the evidence established that WWC's sending of mailers containing Mr. Minott's likeness to customers constituted interstate commerce, Mr. Minott emphasizes that because WWC is a Kansas corporation and the targets of its mailings were predominantly customers in Colorado, the advertisements were *per se* interstate commerce. But

as the Court noted in the February 7 Opinion, this argument was presented by Mr. Minott in a single sentence in his response to the motion for summary judgment,[1] without any meaningful factual development regarding the relative corporate structures of WWC and the structure of the Chuck business after WWC acquired it. Mr. Minott does not contend that this argument is based on newly-discovered evidence, nor does he point to any portion of his briefing that made a substantial argument on this point that the Court previously overlooked. Rather, it appears that Mr. Minott simply wishes to present or develop an argument that he failed to meaningfully present during prior briefing. A motion for reconsideration is not an appropriate vehicle to develop or clarify arguments that a party could have fully presented in the first instance.[2] *Servants of the Paraclete v. Does*, 304 F.3d 1005, 1012 (10th Cir. 2000). WWC specifically challenged Mr. Minott's ability to establish the necessary element of interstate commerce in his Lanham Act claim, and Mr. Minott's failure to meaningfully do so properly resulted in summary judgment against him on that claim.

With regard to Mr. Minott's argument that the Court erred in concluding that WWC had acquired Fluid Integrity's trademark interests in Mr. Minott's likeness, Mr. Minott appears to have misunderstood the Court's Opinion. The Court's observation that Fluid Integrity had previously employed Mr. Minott's likeness as a trademark and subsequently conveyed that

---

[1] "[WWC] is a Kansas corporation operating in Colorado, California, Kansas, Missouri, Oklahoma, Michigan, Ohio, Arkansas, and Nebraska." *Docket* # 47 at 31.

[2] Mr. Minott again points to Exhibit 27, the same document that he cited to in his summary judgment response. *Docket* # 47-27. Exhibit 27 is a spreadsheet, prepared by an unknown person and for an unknown purpose. It lists a variety of corporate entities ("CRH Management, LLC" WWC, "CRH Coffee, Inc.") and the names of what <u>might</u> be those entities' subsidiaries, although the exhibit gives no clear indication of how the various entities are actually related. Because Exhibit 27 is not facially self-explanatory, and Mr. Minott provided no interpretation of that document in either his summary judgment response or the instant motion, this Court is reluctant to attempt to foist an interpretation upon it.

2

trademark right to WWC was merely for the purpose of addressing WWC's argument about how its agreement with Fluid Integrity apportioned intellectual property like trademarks. And there is little dispute that any trademarks Fluid Integrity had – such as Mr. Minott's likeness – did indeed become trademarks that WWC inherited. But the Court was careful to explain that WWC's acquisition of Fluid Integrity's <u>trademarks</u> did not necessarily operate to acquire Mr. Minott's interest in his <u>likeness</u>, and that his claim of misappropriation of likeness would proceed to trial. The Court's Opinion extensively explained the difference between the right to use a trademark and the rights that an individual might have in their likeness, even when the likeness and the trademark are the same. Because the only claim at issue with regard to Mr. Minott's likeness is a misappropriation claim (not a trademark infringement claim), the Court's discussion of WWC's trademark rights in Mr. Minott's likeness was effectively *dicta,* and thus, Mr. Minott's request for reconsideration of that discussion is both without merit and irrelevant.

Accordingly, Mr. Minott's Motion for Reconsideration **(# 57)** is **DENIED**.

Dated this 24th day of March, 2020.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Senior United States District Judge